[No. 19748.   Department Two.   March 18, 1926.]

HARRIS BALDWIN, *Appellant,* v. A. F. McCLAINE,
*Respondent.*[1]

[1] ATTORNEY AND CLIENT (40)—COMPENSATION—CONSTRUCTION AND
OPERATION OF CONTRACT.   An attorney, agreeing to foreclose a
second mortgage for $200, and $300 additional in case the same
was allowed and the property redeemed, is not entitled to the
$300 where the land was not redeemed, though plaintiff bid in
the property for the total sum, including the allowance.

Appeal from a judgment of the superior court for
Spokane county, Lindsley, J., entered October 8, 1925,
upon findings in favor of defendant, in an action for
the recovery of an attorney's fee, tried to the court.
Affirmed.

*Harris Baldwin* (*E. B. Quackenbush,* of counsel),
for appellant.

*Geo. W. Shaefer* and *R. L. Edmiston,* for respondent.

PARKER, J.—The plaintiff, Baldwin, seeks recovery
of compensation claimed to be due him as an attorney
for legal services rendered by him to the defendant,
McClaine, in the foreclosure of a mortgage in the su-
perior court for Franklin county.   A trial upon the
merits in the superior court for Spokane county, sitting
without a jury, resulted in findings and judgment deny-
ing recovery, from which Baldwin has appealed to this
court.

The record brought here enables us only to deter-
mine whether the findings made by the trial court call
for an affirmance or reversal of the judgment upon the
merits.   They are not very definite in some particulars,
but, as we read them, they seem to us to establish the
following:   McClaine was the owner of promissory

[1] Reported in 244 Pac. 256.

notes executed by one Phillips for the aggregate sum of $6,628, who had, also, to secure the indebtedness so evidenced, executed a second mortgage upon land owned by him situated in Franklin county. The land was subject to a large first mortgage, rendering the second mortgage of little value as security. McClaine made an agreement with Baldwin, as an attorney, to foreclose the second mortgage, by which he was to pay Baldwin for that service the sum of $200, with the further understanding that, should the premises be redeemed from the foreclosure sale, Baldwin should receive $300 additional; this, apparently, upon the assumption that Baldwin would succeed, as he did, in having the court award an attorney's fee of $500 in the foreclosure taxable as part of the costs and disbursements therein, and that, upon the foreclosure sale, McClaine would necessarily become the purchaser of the land because of its being so heavily encumbered by a first mortgage. McClaine did become such purchaser for want of other bidders. It is conceded that no redemption was had, and that McClaine was finally given a sheriff's deed for the land, though this is not made very plain by the court's findings. The court found that McClaine fully paid Baldwin for the foreclosure services rendered by him. This finding, we may concede, as Baldwin argues, means only that the agreed $200 was paid by McClaine to Baldwin.

Counsel for both sides go somewhat outside the findings in their argument upon the merits, but, as already noticed, we cannot follow them there for want of a full statement of facts occurring upon the trial. It seems plain that the above summary of the facts calls for an affirmance of the judgment upon the merits.

[1] Baldwin's contentions seem to rest particularly upon the theory that he is in any event entitled to be

paid $300 by McClaine, in addition to the $200, because McClaine bid in the land upon the foreclosure for the full amount of the indebtedness, costs and disbursements, including the $500 attorney's fee awarded by the court in the foreclosure. But here we are confronted with the fact that there was no redemption bringing any money to McClaine. All he got was title to the land, subject to the first mortgage, which title, so encumbered, was of little value. McClaine was evidently willing that Baldwin should have the additional $300, if it should be produced by redemption from his purchase of the land. So, when McClaine had paid the $200 to Baldwin and by lapse of time there ceased to be any right of redemption, Baldwin was fully compensated according to his employment contract. Manifestly, McClaine's bid was made for the full amount of the foreclosure judgment, including the $500 attorney's fee awarded therein, for the very purpose of enabling Baldwin to receive the additional $300 should it be produced by a redemption, which both realized was not likely to occur in view of the large first mortgage, subject to which the land had to be sold upon the foreclosure of the second mortgage. Plainly, we think Baldwin has received all that he is entitled to from McClaine.

The judgment is affirmed.

TOLMAN, C. J., MACKINTOSH, MITCHELL, and MAIN, JJ., concur.